IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD SHARKEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Civil No.  11-cv-217-CJP |
| | ) |
| COMMISSIONER of SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**PROUD, Magistrate Judge:**

This matter is before the Court on plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act.  **(Doc. 37)**.  Defendant filed a response in opposition at **Doc. 40**, and plaintiff filed a reply at **Doc. 41**.

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(A), the Court shall award attorney's fees and expenses to a prevailing party in a civil action against the United States, including proceedings for judicial review of agency action, unless the government's position was substantially justified.  The hourly rate for attorney's fees is not to exceed $125.00 per hour "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  §2412(d)(2)(A).

This case was remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. §405(g).  Plaintiff is, therefore, the prevailing party.  See, ***Shalala v. Schaefer***, **509 U.S. 292, 302 (1993).**  The Commissioner does not argue that her position was substantially justified so as to defeat plaintiff's claim under the EAJA.  She does, however, take issue with the hourly rate and the number of hours claimed by counsel.

As to the hourly rate, counsel asks the Court to award him $182.50 per hour for attorney time and $95.00 per hour for legal assistant time.  Counsel argues that he is entitled to an

1

increase from the statutory rate of $125.00 per hour because of an increase in the cost of living and a "special factor" within the meaning of §2412(d)(2)(A).

In *Mathews-Sheets v. Astrue*, 653 F.3d 560 (7th Cir. 2011), the applicable precedent, the Seventh Circuit explained:

> If [counsel] points to inflation he still must show that it actually justifies a higher fee; for while it might seem obvious that a statutory price ceiling should be raised in step with inflation, to do that as a rote matter would produce windfalls in some cases. Inflation affects different markets, and different costs in the same market, in different ways. The framers of the Equal Access to Justice Act were right therefore not to create an *entitlement* to an inflation adjustment; the lawyer seeking such an adjustment must show that inflation has increased the cost of providing adequate legal service to a person seeking relief against the government.

*Mathews-Sheets*, 653 at 563.

The Court went on to explain that an adjustment in the hourly rate for inflation must be "justified by reference to the particular circumstances of the lawyer seeking the increase." **Ibid. at 563-564.**

Plaintiff's counsel seeks to be paid $182.50, a figure which is based on the Consumer Price Index for January, 2012, the month in which most of the work was done.  He has provided the information required by *Mathews-Sheets*.  He states that his office expenses such as rent, staff salaries, health insurance costs, legal research tools (Westlaw), and continuing legal education conferences have all increased in the relevant time period, as have basic office supplies.  **See, Doc. 37, p. 8.**

The Commissioner ignores the fact that counsel provided the above information.  She argues that counsel failed to present evidence of the prevailing rate for lawyers in the community in which this case was pending.   The original motion was supported by affidavits of attorneys in Chicago and Wisconsin.  Plaintiff remedied this by attaching an affidavit from an attorney in Southern Illinois to his reply, stating that counsel's hourly rate for Social Security cases is $250.00 for out-of-court time.

2

The Commissioner's response to the motion suggests that *Mathews-Sheets* requires that counsel must show *both* an increase in the cost of providing legal services and that, without an increase in the statutory rate of $125.00 per hour, competent counsel could not be found to handle the case.  The Court does not read *Mathews-Sheets* that way.

The Commissioner's position is based on one sentence from the case:

> And so on remand the plaintiff's lawyer will have to show that without a cost of living increase that would bring the fee award up to $170 per hour, a lawyer capable of competently handling the challenge that his client mounted to the denial of social security benefits could not be found in the relevant geographical area to handle such a case.

*Mathews-Sheets*, 653 F.3d at 565.

District Courts have disagreed about whether *Mathews-Sheets* requires a showing of both the effect of inflation on counsel's expenses and that no competent attorney could be found at the statutory rate.  See, **Amey v. Astrue, 2012 WL 4738985, *2-3 (N.D. Ill. 2012), and cases cited therein.**  See also, District Judge Michael J. Reagan's thoughtful discussion in *Coleman v. Astrue*, 11-cv-930-MJR-CJP, Doc. 30.

This Court concludes that *Mathews-Sheets* does not require counsel to demonstrate both the effects of inflation and that no competent attorney could be found at the statutory rate.  The single sentence upon which the Commissioner relies must be read in the context of the case.  The attorney in *Mathews-Sheets* had asked for a fee of $225.00 per hour based on prevailing rates, without making reference to either of the statutory factors of cost of living increase or another special factor.  Notably, the EAJA refers to these two items in the alternative.  The plain language of the statute requires that one or the other, not both, be shown.  *Mathews-Sheets* did not hold that both factors must be shown either.  Rather, the Seventh Circuit remanded with direction for the District Judge to "take a further look at the plaintiff's request for a cost of living adjustment."  The Court cautioned, "But that should be the entire scope of the remand. The plaintiff's lawyer mentioned nothing other than inflation that might justify a fee award above the

statutory presumptive ceiling. It is doubtful that he could have identified another justification in this case." *Mathews-Sheets*, 653 F.3d at 564.

After setting out the scope of remand, the Court then went on to explain its perception that counsel would not have been able to show the presence of an additional special factor. This suggests that the Commissioner's position is the opposite of the actual holding in the case.

The Court finds that counsel has adequately supported his argument that he should be compensated at the rate of $182.50 based on the increase in the cost of living as it affects his costs in providing legal services in a case such as this. *Mathews-Sheets*, 653 F.3d at 563.

The Commissioner also takes issue with the number of hours claimed by counsel, arguing that the number of hours claimed for both the opening brief and the reply brief are not reasonable.

Counsel claims about 44.6 hours total time spent on reviewing the transcript (639 pages long), analyzing issues, performing legal research and drafting and editing the opening brief. **See, Doc. 37, Ex. 3**. The Commissioner suggests that this amount is excessive because the case did not involve novel issues. While the presence of novel issues is a relevant factor, it is not the only factor. In view of the lengthy transcript and the fact that plaintiff raised and briefed 5 issues, the Court does not believe that the time claimed for the opening brief is unreasonable.

The reply brief is another matter. Counsel claims 20 hours for preparing a reply brief. The reply brief was, in large part, a reworking of the opening brief. Therefore, the Court will reduce the hours on the reply brief by half, which is $1,825.00 (10 hours at $182.50 per hour).

The Commissioner does not quarrel with the request for legal assistant time at the hourly rate of $95.00, but she asks that the total be reduced by .2 hours ($19.00) for the time claimed in moving for an extension of time. The Court will grant that reduction.

Lastly, counsel spent an additional 1.7 hours in replying to the Commissioner's response, and he properly asks to be compensated for that time as well. Thus, he seeks a total of $12,528.28 ($12,499.25 in fees plus $29.03 in costs). **See, Doc. 41, p. 5.**

For the reasons discussed above, plaintiff's Motion for Attorney's Fees Under the Equal Access to Justice Act **(Doc. 37)** is **GRANTED** as follows:

The Court awards a total of fees in the amount of $10, 655.25. This figure represent the total amount of fees claimed by plaintiff's counsel, reduced by 10 hours at 182.50 claimed on the reply brief, and .2 hours at $95.00 claimed for moving for an extension. The Court also awards costs in the amount of $29.03. The Court notes that plaintiff proceeded *in forma pauperis*, and therefore is not entitled to reimbursement of the filing fee. Thus, the total amount awarded to plaintiff as attorney's fees and costs is **Ten Thousand, Six Hundred and Eighty-Four Dollars and Twenty-Eight Cents ($10,684.28).**

The amount awarded is payable to plaintiff and is subject to set-off for any debt owed by plaintiff to the United States, per *Astrue v. Ratliff*, **130 S.Ct. 2521 (2010).** However, in accordance with the assignment executed by plaintiff **(Doc. 37, Ex. 2)**, any amount that is not used to satisfy an outstanding debt shall be made payable to plaintiff's attorney.

**IT IS SO ORDERED.**

**DATED:   June 21, 2013.**


                                        **s/ Clifford J. Proud**
                                        **CLIFFORD J. PROUD**
                                        **U.S. MAGISTRATE JUDGE**